UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:11-CR-00001-1 |
| § | CIVIL ACTION NO. 4:15-CV-3310 |
| CARLOS MANUEL BORIA; aka § | |
| RODRIGUEZ; aka VICTOR § | |

## OPINION AND ORDER

## ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Movant Carlos Manuel Boria's ("Boria") § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 515) and Memorandum of Law in Support (Doc. 516); the United States' Response and Motion for Summary Judgment (Doc. 526); and Judge Stacy's Memorandum and Recommendation that the Court deny the § 2255 Motion and grant the United States' Motion for Summary Judgment. (Doc. 607). Boria moved for an extension of time to object to the Memorandum and Recommendation (Doc. 612), which was granted (Doc. 614), but no objections were filed.

**Standard of Review**

Where no party objects to the Magistrate Judge's Memorandum and Recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether it is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

The Court has carefully reviewed the filings, the Magistrate Judge's Memorandum and Recommendation, and the applicable law and finds the Memorandum and Recommendation is not erroneous in its factual findings nor contrary to law. Accordingly, the Court hereby adopts the Magistrate Judge's Memorandum and Recommendation as its own.

Finally, under 28 U.S.C. § 2253(c)(1)(B), "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." *See also* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from . . . a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

Furthermore, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his[ or her] constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), *citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court denies a § 2255 motion on the merits, to warrant an certificate of appealability a movant must be able to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003), *citing Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability *sua sponte. Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008) (citing *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam)). Accordingly, it is hereby

ORDERED the United States' Motion for Summary Judgment is **GRANTED** (Doc. 526), the Movant's § 2255 Motion is **DENIED** (Doc. 515). It is further

ORDERED that a certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, this 21st day of February, 2018.

                                              MELINDA HARMON
                                         UNITED STATES DISTRICT JUDGE